**E-Filed 8/4/05**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| JUAN D. MARTINEZ, et al., Plaintiffs, v. MONTEREY COUNTY, CALIFORNIA, et al., Defendants. | Case Number C-05-2950-JF<br><br>ORDER (1) DENYING WITHOUT PREJUDICE PLAINTIFFS' APPLICATION FOR TEMPORARY RESTRAINING ORDER; (2) GRANTING PLAINTIFFS' MOTION TO CONVENE A THREE-JUDGE PANEL; AND (3) STAYING ACTION PURSUANT TO *COLORADO RIVER* ABSTENTION DOCTRINE<br><br>[Doc. Nos. 2, 5, 12] |

In this action, Plaintiffs allege that a change in voting procedures related to Proposition 77, an initiative measure that has been certified to appear on the ballot in a statewide special election on November 8, 2005, has not been precleared as required by Section 5 of the Voting Rights Act of 1965. Specifically, Plaintiffs allege that the text of Proposition 77 that was submitted to the Attorney General for preparation of a title and summary prior to circulation as required by the California Constitution and Elections Code *differed* from the text of the petition that subsequently was circulated for voter signatures. Plaintiffs contend that this discrepancy

constitutes a change in voting procedures that must be precleared before Proposition 77 may be placed on the ballot. Plaintiffs seek a temporary restraining order ("TRO") enjoining Defendants from going forward with preparations to include Proposition 77 on the ballot absent Section 5 preclearance. Plaintiffs also request that a three-judge panel be convened to preside over Plaintiffs' motion for a preliminary injunction.

The Court has considered the moving and responding papers. For the reasons discussed below, the Court concludes that abstention is appropriate pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Accordingly, the Court will deny Plaintiffs' application for TRO without prejudice and stay the action pending resolution of parallel state court proceedings. The Court will, however, request that the Chief Judge of the Ninth Circuit convene a three-judge panel to ensure prompt disposition of Plaintiffs' federal claims in the event that the parallel state court proceedings do not render those claims moot.

Under *Colorado River*, a federal court may defer to a parallel state court proceeding based upon "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1980) (quoting *Colorado River*, 424 U.S. at 817). "The focus under *Colorado River Water Conservation District* is upon whether exceptional circumstances exist that indicate that concurrent jurisdiction by state and federal courts is likely to cause piecemeal litigation, waste of judicial resources, inconvenience to the parties, and conflicting results." *Id*. The Ninth Circuit has set forth six factors to be considered in determining whether *Colorado River* abstention is appropriate:

> In *Colorado River*, the Court articulated four factors for determining whether sufficiently exceptional circumstances exist to warrant abstention: (1) whether either the state or federal court has exercised jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; and (4) the order in which the forums obtained jurisdiction. In *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, the Court added two more considerations: (5) whether federal or state law controls the decision on the merits; and (6) whether the state court can adequately protect the rights of the parties.

*40235 Washington Street Corp. v. Lusardi*, 976 F.2d 587, 588 (9th Cir. 1992) (internal citations omitted).

While the first two factors are not implicated here, the last four factors mandate abstention in this case. The issue of whether Proposition 77 should appear on the ballot is being litigated in a parallel state action. On July 22, 2005, the Sacramento Superior Court issued an order directing that Proposition 77 be stricken from the ballot on the ground that the discrepancy between the text submitted to the Attorney General and the text included in the petition violated the initiative election procedures set forth in the California Constitution and Elections Code. On July 25, 2005, the California Court of Appeal, Third Appellate District, stayed the superior court's order. The appellate court has set a hearing on the manner for August 5, 2005. A determination that there has been a violation of state law sufficient to preclude the inclusion of Proposition 77 on the ballot would moot the instant action. Moreover, a determination by the state courts that there has *not* been such a violation of state law would have a significant effect upon the instant action, because such a determination certainly would bear upon, if not preclude, Plaintiffs' argument that there has been a change in voting procedures material enough to trigger the preclearance requirement of Section 5. The state action was filed before the instant action. Finally, although Plaintiffs in the instant action are not parties to the state court action, their position is being vigorously represented there.[1]

The Court concludes that abstention in favor of the state court proceedings is appropriate. Accordingly, it will deny Plaintiffs' application for TRO without prejudice and will stay the instant action pending resolution of the state court proceedings. Because in light of the impending election the Court will need to act promptly in the event that the state court proceedings do not moot Plaintiffs' claims in the instant action, the Court nonetheless will ask the Chief Judge of the Ninth Circuit to convene a three-judge panel. The Court requests that the parties notify the Court immediately of any change in the status of the state court proceedings.

---

[1] Notably, the party representing that position, California Attorney General Bill Lockyer, *opposes* Plaintiffs' request for a TRO in the instant case and urges this Court to abstain pursuant to *Colorado River*. Atty. Gen. Opp. at 4-6.

**ORDER**

Good cause therefore appearing, IT IS HEREBY ORDERED that:

(1) Plaintiffs' application for TRO is DENIED WITHOUT PREJUDICE;

(2) Plaintiffs' motion to convene a three-judge panel is GRANTED;

(3) and Defendants' request to stay the instant action pursuant to *Colorado River* is GRANTED.

DATED: 8/4/05

/s/ electronic signature authorized

JEREMY FOGEL
United States District Judge

Copies of Order served on:

Leroy W. Blankenship blankenshipl@co.monterey.ca.us, edwards-jamesg@co.monterey.ca.us

Thomas S. Knox tknox@klalawfirm.com

Zackery P. Morazzini zackery.morazzini@doj.ca.gov

Steven J. Reyes sreyes@maldef.org, lsilva@maldef.org

James F Sweeney jfs@sdglawfirm.com, bayne@sdglawfirm.com

Victor Viramontes vviramontes@maldef.org, lsilva@maldef.org